## The State v. Behm.

1. **Manslaughter: EXPOSING INFANT: INDICTMENT.** An indictment for manslaughter committed by a mother in exposing to the inclemency of the weather her new-born infant, which charges the defendant with being guilty of wrongful acts which created the exposure in part, and that it was of such exposure that the child died, and which charges in substance that it died from the exposure created by the defendant, is not defective in failing to state that the defendant was bound to provide for and protect the child, nor in failing to charge that the child was unable to help itself.

*Appeal from Dubuque District Court* — Hon. C. F. Couch, *Judge.*

Tuesday, October 11.

The defendant, Maggie Behm, was convicted of the crime of manslaughter, and sentenced to imprisonment in the penitentiary for the term of one year. She appeals.

*J. C. Longueville,* for appellant.

*A. J. Baker, Attorney-general,* for the State.

Adams, Ch. J.—The defendant moved in arrest of judgment, on the ground that the indictment fails to charge an indictable offense. The court overruled the motion, and the overruling is assigned as error. The indictment charges that "the defendant did willfully and feloniously make an assault in and upon a certain male child which had then and there been born alive to the said Maggie Behm, with the specific intent by the said Maggie Behm then and there unlawfully and feloniously the said child to kill and murder ; and the said Maggie Behm did then and there unlawfully and feloniously, and with the specific intent to kill and murder said child, with both her hands put and place said child in a certain outhouse, and then and there did unlawfully and feloniously desert and leave said child exposed to the inclemency

of the weather, without sufficient clothing, covering, shelter, and protection for the body of said child, of and from which exposure, so unlawfully and feloniously made by said Maggie ·Behm, with intent as aforesaid, said child then and there did die."

One of the defendant's objections to the indictment is that it does not allege that the defendant was in duty bound to provide for and protect the child. To this we have to say that the position might be well taken if the charge was simply that the defendant willfully and feloniously caused the death of the child by neglecting it. But the indictment charges much more than that. It charges the defendant with being guilty of wrongful acts which created the exposure in part, and charges that it was of such exposure that the child died.

Another objection made to the indictment is that it does not charge that the child was unable to help itself. But it charges, in substance, that it died from the exposure created by the defendant. If the child could have helped itself, and had voluntarily remained where it had been placed by the defendant, then it would itself have caused its exposure by its own volition, and in no proper sense could it have been said that it died of the exposure caused by the defendant, as the indictment charges. We think that the district court did not err in overruling the motion in arrest of judgment.

AFFIRMED.